# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 1:22-CR-28-TWT |
| | USM Number: 85247-509 |
| PETER BILARDELLO | |
| | <u>Caitlyn Wade</u> |
| | Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to count 1 of the Indictment.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) | Receipt or Distribution of Material Involving the Sexual Exploitation of a Minor | March 2019 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

November 30, 2022
Date of Imposition of Judgment

_/s/ Thomas W. Thrash_
Signature of Judge

THOMAS W. THRASH, SENIOR U. S. DISTRICT JUDGE
Name and Title of Judge

November 30, 2022
Date

DEFENDANT:   PETER BILARDELLO
CASE NUMBER:  1:22-CR-28-TWT                                                                                      Judgment -- Page **2** of **8**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **70 MONTHS as to Count 1 of the Indictment.**

The court recommends to the Bureau of Prisons that the defendant be designated to facility consistent with his security class in the Atlanta, GA area.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

DEPUTY UNITED STATES MARSHAL

DEFENDANT:   PETER BILARDELLO
CASE NUMBER:  1:22-CR-28-TWT                                              Judgment -- Page **3** of **8**

Judgment in a Criminal Case
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  **10 YEARS as to Count 1 of the Indictment.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.
5. You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   PETER BILARDELLO  
CASE NUMBER:  1:22-CR-28-TWT                                                                                       Judgment -- Page **4** of **8**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:   www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____  Date _____

USPO's Signature _____  Date _____

DEFENDANT:   PETER BILARDELLO
CASE NUMBER:   1:22-CR-28-TWT                                                                                     Judgment -- Page **5** of **8**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must not access the internet.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You must actively participate in a sex offense specific evaluation at a program approved by the U.S. Probation Office.  You must pay all or part of the costs of the evaluation based on your ability to pay unless excused by the probation officer.

You must participate in a sex offense specific treatment program and follow the rules and regulations of the program. The program must be approved by the U.S. Probation Office.  The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).  You must pay all or part of the costs of the program based on your ability to pay unless excused by the probation officer.

To monitor compliance with the conditions of supervision and treatment program requirements, you must submit to periodic polygraph examination at the discretion of the probation officer. The examiner must be approved by the U.S. Probation Office.  You must pay all or part of the costs of the polygraph examination based on your ability to pay unless excused by the probation officer.

You must not view or possess any 'visual depiction' (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of 'sexually explicit conduct' (as defined in 18 U.S.C. § 2256).

You must not possess children's clothing, toys, and / or games, without the approval of your probation officer.

You will have no contact, whether directly in person or indirectly through any means of communication, with any child under the age of 18, including / not including, your own child, nor with any person unable to give consent due to mental or emotional limitations unless you have permission from your probation officer. If you do have incidental contact with any child under the age of 18, including / not including, your own child, or with any person unable to give consent due to mental or emotional limitations you shall immediately remove yourself from the situation.  You must report any such contact to the probation officer within 24 hours and submit a written description of the incident to the probation officer within 72 hours.

You are prohibited from engaging in any occupation, business, profession, or volunteer work where you have access to children under the age of 18 without prior written approval from the probation officer.

You must not patronize any adult entertainment establishments or adult toy /novelty shops.

Pursuant to 18 U.S.C. §§ 3563(b)(23) or 3583(d)(3), and because you are a felon and required to register under the Sex Offender Registration and Notification Act, you must submit your person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct, and by any probation officer in the lawful discharge of the officer's supervision functions.

DEFENDANT:   PETER BILARDELLO
CASE NUMBER:  1:22-CR-28-TWT                                                                         Judgment -- Page **6** of **8**

You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

DEFENDANT: PETER BILARDELLO  
CASE NUMBER: 1:22-CR-28-TWT                                                                Judgment -- Page **7** of **8**

Judgment in a Criminal Case  
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

### Special Assessment

TOTAL      $100

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court waives the fine and cost of incarceration in this case.

### Fine

TOTAL      $0

The Court finds that the defendant does not have the ability to pay the AVAA assessment. The Court waives the AAVA assessment in this case.

### AVAA Assessment*

TOTAL      $0

The Court finds that the defendant does not have the ability to pay the JVTA assessment. The Court waives the JVTA assessment in this case.

### JVTA Assessment**

TOTAL      $0

\*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.  
\*\*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.  
\*\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:   PETER BILARDELLO
CASE NUMBER:  1:22-CR-28-TWT                                                              Judgment -- Page **8** of **8**

## FORFEITURE

It is ordered that all the defendant's right, title and interest in the property identified in the Consent Order and Judgment of Forfeiture [Doc. 32] dated October 7, 2022, which is hereby incorporated by reference, is forfeited.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

PETER BILARDELLO

Criminal Action No.

1:22-CR-00028-TWT

### CONSENT PRELIMINARY ORDER OF FORFEITURE

Peter Bilardello has pled guilty to the Information, pursuant to which the United States sought forfeiture of certain property under 18 U.S.C. § 2253, and this Court has determined that the property described below is subject to forfeiture pursuant thereto and that the Government has established the requisite nexus between said property and the offense charged in the Information. The Defendant has consented to this Consent Preliminary Order of Forfeiture becoming final as to him, being made a part of his sentence, and being included in the judgment against him.

ACCORDINGLY, IT IS HEREBY ORDERED that Peter Bilardello shall forfeit to the United States the following property pursuant to 18 U.S.C. § 2253:

a. One black Samsung Galaxy cell phone, IMEI #355418093318835, which was seized on or about August 12, 2021, from 847 Mountain View Terrace NW, Marietta, Georgia 30064.

IT IS HEREBY ORDERED that upon entry of this order, the United States Attorney General, or his designee, is authorized to seize the property in accordance with Fed. R. Crim. P. 32.2(b)(3).

The United States shall publish notice of this Order and its intent to dispose of the property in accordance with Fed. R. Crim. P. 32.2(b)(6) and in such a manner as described in Supplemental Rule G(4)(a)(iii) and (iv) of the Federal Rules of Civil Procedure. The United States shall send written notice, in accordance with Supplemental Rule G(4)(b)(iii)-(v), to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the above-listed property in the ancillary proceeding.

Pursuant to 21 U.S.C. § 853(n)(2), 18 U.S.C. § 2253(b), any person, other than the named Defendant, asserting a legal interest in the property may within thirty days of the final publication of the notice or their receipt of the notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property and for an amendment to the order of forfeiture. Any petition filed by a third party asserting an interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests or, if none, following the expiration of the

period provided in 21 U.S.C. § 853(n)(2) for the filing of the third-party petitions. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is hereby final as to the Defendant but remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

SO ORDERED this __30th__ day of __November__, 2022.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

Submitted by:

*Annalise K. Peters*
_____
Annalise K. Peters
Assistant United States Attorney

Consented to:

*Caitlyn Wade*
_____
Caitlyn Wade
Attorney for Defendant